IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON CASTO,

           Plaintiff,

v.                                         CIVIL ACTION NO. 2:09-cv-00377

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Background**

Pending before the court is defendant Strategic Employee Benefit Services – The Dobbs Financial Group, LLC's Motion to Dismiss [Docket 7]. For the reasons discussed below, this Motion is **GRANTED** in part and **DENIED** in part.

The plaintiff's claim arises from two Northwestern Mutual Life Insurance policies purchased by her late husband, Larry Casto, in 1983. The plaintiff alleges that these policies included accidental death benefits totaling $400,000. (Compl. ¶ 9 [Docket 1, Attach. 1].) In 2004, Mr. Casto passed away; the plaintiff attributes the cause of his death to "gross negligence on the part of various healthcare providers in Charleston, West Virginia." (Resp. to Mot. to Dismiss at 2.) The plaintiff, as Administratix of Larry Casto's estate, instituted a medical malpractice suit against various defendants; this suit settled for $1,950,000.00 (Compl. ¶ 12.) After her husband's death, the plaintiff inquired of defendants Northwestern Mutual Life Insurance Company ("Northwestern") and Strategic Employee Benefit Services – The Dobbs

Financial Group, LLC ("Dobbs") regarding the distribution of her husband's policies, specifically his accidental death benefits. These requests were denied.

The plaintiff brought an action against defendants alleging (1) breach of contract; (2) fraud and misrepresentation; (3) violation of West Virginia Unfair Trade Practices Act; (4) bad faith insurance practice; (5) unjust enrichment; and (6) punitive damages. Dobbs contends that the plaintiff has failed to state a claim against Dobbs upon which relief can be granted, and seeks dismissal under Fed. R. Civ. P. 12(b)(6). Specifically, Dobbs contends that: (1) a disclosed insurance agent is not individually liable to a policyholder in tort or contract; (2) Dobbs was not a party to the insurance policies, and thus the plaintiff's claim for breach of contract must fail as a matter of law; (3) the plaintiff's claim of fraud and misrepresentation is barred by the statute of limitations and was not pled with the requisite specificity to withstand a motion to dismiss; (4) the plaintiff's claim under West Virginia's Unfair Trade Practices Act is subject to a one-year statute of limitations; and (5) the plaintiff's complaint fails to state a claim for bad faith insurance practice, unjust enrichment, or punitive damages against Dobbs.

## II.  Standard of Review

A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). A court examining the legal sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff" but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarrantano*, 521 F.3d at 302 (internal citation and quotation marks omitted). "[A] well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (internal citation omitted). But "a formulaic recitation of the elements of a cause of action will not do," *id.* at 555; "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*

## III. Discussion

    A. *Breach of Contract*

Dobbs cites *Lawson v. American General Assurance Co.*, 455 F. Supp. 2d 526, 530 (S. D. W. Va. 2006) for the proposition that "[i]n West Virginia, duly licensed insurance agents acting within the scope of their employment may not be sued in their individual capacity in tort or contract." (Mem. in Supp. of Mot. to Dismiss at 4–5.) The *Lawson* court, however, acknowledges that this is just "a general rule." *Lawson*, 455 F. Supp. 2d at 530. One of the exceptions is the reasonable expectation doctrine, which states that "the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of the insurance contracts will be honored." *Id.* (quoting *Nat'l Mut. Ins. Co. v. McMahon & Sons*, 356 S.E.2d 488, 495 (W. Va. 1987)). The doctrine of reasonable expectations has been extended to agents of insurance companies. *See, e.g., Costello v. Costello*, 465 S.E. 2d 620, 624 (W. Va. 1995) (finding that an agent's "conduct . . . may have created a reasonable expectation of insurance"); *Keller v. First Nat'l Bank*, 403 S.E.2d 424, 428 (W. Va. 1991) ("If a creditor, who is an agent for a life insurance company, creates a reasonable expectation of insurance coverage, then both the insurance company and the creditor would be bound.").

Since *Keller* and *Costello*, the doctrine of reasonable expectations arguably has been further limited. The West Virginia Supreme Court of Appeals, in *Robertson v. Fowler,* held that

"[b]efore the doctrine of reasonable expectations is applicable to an insurance contract, there must be an ambiguity regarding the terms of that contract." 475 S.E.2d 116, 120 (W. Va. 1996). And in *Hill v. John Alden Life Insurance Co.,* this court suggested that the doctrine required "situations in which an insurance agent took affirmative action or made specific statements which created a misconception regarding the coverage of the insurance policy." 556 F. Supp. 2d 571, 574–75 (S.D. W. Va. 2008).

The court finds that the plaintiff's breach of contract claim against Dobbs survives Dobbs' Motion to Dismiss. Certainly her claims could have been presented with greater clarity. Yet her complaint does allege reliance upon misrepresentations of the defendants. (Compl. ¶ 21, 24.) It is possible that Dobbs, acting an insurance agent, violated her reasonable expectations. Accordingly, Dobbs' Motion to Dismiss with respect to the plaintiff's breach of contract claim is **DENIED.**

B. *Fraud and Misrepresentation*

Dobbs contends that the plaintiff's claim for fraud and misrepresentation is barred by the two-year statute of limitations for such claims. (Mem. in Supp. of Mot. to Dismiss at 6 (citing *Funeral Servs. by Gregory, Inc. v. Bluefield Comm. Hosp.*, 413 S.E.2d 79, 85 (W. Va. 1991)).) The plaintiff offers no rebuttal, and the court has not come across contrary authority on this point. Therefore, Dobbs' Motion to Dismiss the plaintiff's fraud and misrepresentation claim against Dobbs is **GRANTED**.

C. *West Virginia's Unfair Trade Practices Act*

Dobbs argues that the plaintiff's cause of action under the West Virginia Unfair Trade Practices Act is barred under the applicable one-year statute of limitations. (Mem. in Supp. of

Mot. to Dismiss at 8–9.)  The plaintiff argues, citing *Plumley v. May*, 434 S.E. 2d 406 (W. Va. 1993), that "a claim by an insured to recover underinsurance benefits from his/her insurance carrier is governed by the statute of limitations applicable to contract actions." (Resp. to Mot. to Dismiss at 5–6.)  Citing *Wilt v. State Automobile Mutual Insurance Co.*, 506 S.E.2d 608, 610 (1998), Dobbs argues that *Plumley* is "clearly inapposite," because, unlike *Wilt*, it did not involve a violation of the West Virginia Unfair Trade Practices Act, and *Wilt* held that claims under this Act are subject to a one-year statute of limitations.  (Rep. Br. in Supp. of Mot. to Dismiss at 2–4.)

The court finds that Dobbs correctly characterizes the distinction made in *Wilt*.  Therefore, Dobbs' Motion to Dismiss the plaintiff's West Virginia Unfair Trade Practices Act claim against Dobbs is **GRANTED**.

D.  *Bad Faith Insurance, Unjust Enrichment, and Punitive Damages*

Dobbs argues that the plaintiff's bad faith insurance claim against Dobbs must fail because under West Virginia law, there is no common law bad faith cause of action against insurance agents; instead the contractual duty runs between insurers and insureds.[1]  (Mem. in Supp. of Mot. to Dismiss at 9 (citing *Grubbs v. Westfield Ins. Co.,* 430 F. Supp. 563, 567 (N.D. W. Va. 2006)).)  Dobbs also argues that the plaintiff's claim for unjust enrichment cannot succeed because "[w]here a plaintiff alleges a cause of action for breach of an express contract, a cause of action for unjust enrichment will not also lie."  (Mem. in Supp. of Mot. to Dismiss at 10 (citing *Rosenbaum v. Price Const. Co.,* 184 S.E. 261 (1936)).)  Dobbs finally argues that the plaintiff's

---

[1] It appears the plaintiff has actually pled a statutory bad faith insurance claim, grounded in the Unfair Trade Practices Act.  (Compl. ¶ 36–38.)  These claims are barred by a one-year statute of limitations, as discussed *supra*.

claim for punitive damages cannot succeed because such a claim requires a finding of compensatory damages. (Mem. in Supp. of Mot. to Dismiss at 10.)

The plaintiff has presented no arguments to the contrary on any of these issues, and the court has come across no contrary authority. However, the court finds that the plaintiff's request for punitive damages is most reasonably construed as an element of relief sought, rather than a separate claim. But punitive damages are not available in West Virginia for ordinary breach of contract actions, *see Frontier-Kemper Constructors, Inc. v. Elk Coal Run Co., Inc.*, 2008 WL 2937726, *14 (S.D. W. Va. 2008), and this court has granted Dobbs' Motion to Dismiss with respect to all of the plaintiff's other causes of action. Accordingly, Dobbs' Motion to Dismiss the plaintiff's bad faith insurance and unjust enrichment claims against Dobbs, and the plaintiff's request for punitive damages against Dobbs, is **GRANTED**.

## IV. Conclusion

For the reasons discussed above, defendant Dobbs' Motion to Dismiss [Docket 7] is **GRANTED** in part and **DENIED** in part. Specifically, the court **GRANTS** Dobbs' Motion to Dismiss with respect to the plaintiff's fraud and misrepresentation, West Virginia Unfair Trade Practices Act, bad faith insurance, and unjust enrichment claims, and her claim for punitive damages, and **DENIES** Dobbs' Motion to Dismiss with respect to the plaintiff's breach of contract claim.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       September 2, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge