IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


SHARON CASTO,

                    Plaintiff,

v.                                              CIVIL ACTION NO.  2:09-cv-00377

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY, et al.,

                    Defendants.


MEMORANDUM OPINION AND ORDER


Pending before the court is the defendant Northwestern Mutual Life Insurance

Company's Motion to Dismiss all claims against it except the plaintiff's breach of contract claim

[Docket 13].  For the reasons discussed below, this Motion is **GRANTED**.

I.  Background

The plaintiff's claim arises from two Northwestern Mutual Life Insurance policies

purchased by her late husband, Larry Casto, in 1983.  The plaintiff contends that these policies

included accidental death benefits totaling $400,000.  (Compl. ¶ 9 [Docket 1, Attach. 1].)  In

2004, Mr. Casto passed away; the plaintiff attributes the cause of his death to "gross negligence

on the part of various healthcare providers in Charleston, WV."  (Resp. to Mot. to Dismiss at 2.)

The plaintiff, as Administratix of Larry Casto's estate, instituted a medical malpractice suit

against various defendants; this suit settled for $1,950,000.  (Compl. ¶ 3.)  After her husband's

death, the plaintiff inquired of defendants Northwestern Mutual Life Insurance Company

("Northwestern") and Strategic Employee Benefit Services – The Dobbs Financial Group, LLC

("Dobbs") regarding the distribution of her husband's policies, specifically his accidental death

benefits.  These requests were denied.

The plaintiff brought an action against defendants alleging (1) breach of contract; (2)

fraud and misrepresentation; (3) violation of West Virginia Unfair Trade Practices Act; (4) bad

faith insurance practice; (5) unjust enrichment; and (6) punitive damages.  Northwestern

contends that the plaintiff has failed to state a claim upon which relief can be granted with

respect to all claims against it except the breach of contract claim, and accordingly seeks

dismissal of all such claims under Fed. R. Civ. P. 12(b)(6).

## II.  Standard

A "complaint must be dismissed if it does not allege 'enough facts to state a claim to

relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)).  A court examining the legal

sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff" but

"need not accept the legal conclusions drawn from the facts," and "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments."  *Giarrantano*, 521 F.3d at 302

(internal citation and quotation marks omitted).  "[A] well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is

very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (internal citation omitted).  But "a

formulaic recitation of the elements of a cause of action will not do," *id.* at 555; "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *id.*

### III.  Discussion

    A.  *Fraud and Misrepresentation*

Northwestern argues that the plaintiff's fraud and misrepresentation claim must be dismissed for several reasons, including the applicable two-year statute of limitations.  (Mem. in Supp. of Mot. to Dismiss at 3–6.)  The plaintiff seems to concede that she has not properly presented a claim for fraud and misrepresentation; in her Response to Northwestern's Motion, the plaintiff does not argue that she has "sufficiently and properly" pled this claim.  (Resp. to Mot. to Dismiss at 3.)  The court finds that the statute of limitations bars the plaintiff's fraud and misrepresentation claim.  Accordingly, Northwestern's Motion to Dismiss is **GRANTED** with respect to the plaintiff's fraud and misrepresentation claim.

    B.  *West Virginia Unfair Trade Practices Act*

Northwestern argues that the plaintiff's Unfair Trade Practices Act claim must fail because it is barred by the statute of limitations and because the plaintiff does not allege a general business practice by Northwestern.  (Mem. in Supp. of Mot. to Dismiss at 6–7.)  In response, the plaintiff, citing *Plumley v. May*, 443 S.E.2d 406 (W. Va. 1993), argues that the ten-year statute for contractual causes of actions governs.  (Resp. to Mot. to Dismiss at 3–5.)  The plaintiff also contends that she has adequately alleged a general business practice.  (*Id.* at 5–6.)  In its Reply, Northwestern asserts that *Wilt v. State Automobile Mutual Insurance Company*, 506 S.E.2d 608 (W. Va. 1998), clarifies that Unfair Trade Practices Act claims are governed by the one-year statute of limitations set forth in W. Va. Code § 55-2-12(c), and that *Plumley* is inapposite because it did not involve an Unfair Trade Practices Act claim.  (Rep. to Pls.'s Resp. to Mot. to Dismiss at 3–5.)  Northwestern also argues that the plaintiff has not sufficiently alleged violations that could amount to unfair trade practices.  (*Id.* at 5–7.)

The court finds that Northwestern has accurately characterized the holding of *Wilt*.

Therefore, the plaintiff's Unfair Trade Practices Act claim is barred by the statute of limitations,

and Northwestern's Motion to Dismiss this claim is **GRANTED**.

C.  *Bad Faith Insurance Practice*

Northwestern argues that the plaintiff's bad faith insurance practice claim must be

dismissed for various reasons, including the applicable one-year statute of limitations.  (Mem. in

Supp. of Mot. to Dismiss at 8–9.)  In her Response, the plaintiff offers no arguments in support

of this claim, and does not assert that she has "sufficiently and properly" pled this claim.  (Resp.

to Mot. to Dismiss at 3.)

This court finds that a one-year statute of limitations applies to the plaintiff's bad faith

insurance claim.  The plaintiff pled the claim under the Unfair Trade Practices Act.[1]  (Compl. ¶

36–38.)  Accordingly, a one-year statute of limitations applies, as discussed above.  Therefore,

Northwestern's Motion to Dismiss the plaintiff's bad faith insurance claim is **GRANTED**.

D.  *Unjust Enrichment and Punitive Damages*

Northwestern argues that the plaintiff's unjust enrichment claim must fail because of the

existence of enforceable, express insurance contracts, and because the plaintiff had no

contractual relationship with Northwestern, neither express nor implied.  (Mem. in Supp. of Mot.

to Dismiss at 11.)  The plaintiff offers no arguments in response.  The court finds that the

existence of enforceable, express insurance contracts bars the plaintiff's claim for unjust

enrichment.  *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 2008 WL 2937726,

*14 (S.D. W. Va. 2008).  Therefore, Northwestern's Motion to Dismiss is **GRANTED** with

---

[1] To the extent that the plaintiff intended to plead a common law bad faith action, she lacks a cause of action as a third party beneficiary.  *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893 (W. Va. 1998).

respect to the plaintiff's unjust enrichment claim.

Northwestern also argues that punitive damages are not a separate cause of action in West Virginia, and that insofar as the plaintiff's only remaining claim is for breach of contract, the plaintiff may not recover punitive damages.  (Mem. in Supp. of Mot. to Dismiss at 12 (citing *Frontier-Kemper Constructors,* 2008 WL 2937726 at *14).)  The plaintiff argues that punitive damages are an appropriate remedy for her Unfair Trade Practices Act claim.  (Resp. to Mot. to Dismiss at 6–7.)  This court, however, has granted Northwestern's Motion to Dismiss the plaintiff's Unfair Trade Practices Act claim, as discussed above.  Therefore, the only claim against Northwestern remaining in this suit is a breach of contract claim, and punitive damages are an improper remedy for such a claim.  Thus, Northwestern's Motion to Dismiss the plaintiff's claim for punitive damages is **GRANTED**.

## IV.  Conclusion

For the reasons discussed above, Northwestern's Motion to Dismiss the plaintiff's fraud and misrepresentation, West Virginia Unfair Trade Practices Act, bad faith insurance, and unjust enrichment claims against Northwestern, and her claim for punitive damages, is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      September 2, 2009

Joseph R. Goodwin, Chief Judge